STATE OF NORTH CAROLINA v. HAROLD DAVID POOLE

No. 7520SC963

(Filed 5 May 1976)

Kidnapping § 1— jury instructions — definition of kidnapping — sufficiency

   Though the trial court in a prosecution for kidnapping failed to use the words "against the will of the victims" in defining kidnapping to the jury, the instruction given clearly informed the jury that if the alleged victims voluntarily went with defendant, he would not be guilty of kidnapping.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 17 July 1975, Superior Court, RICHMOND County. Heard in the Court of Appeals 16 March 1976.

Defendant pled not guilty to three separate charges of kidnapping (1) Keith Wilson, (2) Johnnie Bowers and (3) Elwood Cox.

State's evidence tends to show that on 16 March 1975 defendant entered Riverside Grocery and abducted Bowers, Wilson and Cox at gunpoint and forced them to drive him to a fire tower; that in the tower defendant tied them, called the Sheriff and demanded a helicopter to fly him to Brazil. After twelve hours in the tower, defendant surrendered after requesting and receiving from Superior Court Judge Robert Gavin a written statement that he would be sent directly to Dorothea Dix Hospital. Defendant's evidence tended to show that the occurrence was a hoax designed to enable defendant to escape capture by police on other charges, and that Bowers, Cox and Wilson pretended to be hostages.

Defendant was found guilty of kidnapping Keith Wilson and Johnnie Bowers, but not guilty of kidnapping Elwood Cox. From the judgments imposing consecutive prison terms of 40 years each, defendant appeals.

*Attorney General Edmisten by Associate Attorney Noel Lee Allen for the State.*

*Webb, Lee, Davis, Gibson & Gunter by Hugh A. Lee for defendant appellant.*

CLARK, Judge.

Defendant's sole assignment of error is that the trial court failed to instruct the jury that in order for the defendant to be guilty of kidnapping, the taking and carrying away of the victim must be against his will.

In instructing the jury the trial court defined kidnapping as "false imprisonment aggravated by conveying the imprisoned person to some other place." This definition has often been quoted with approval by the Supreme Court of North Carolina. *State v. Dix*, 282 N.C. 490, 193 S.E. 2d 897 (1973).

Though the above definition does not include specific language requiring that the taking and carrying away of the victim be against his will, the court then defined false imprisonment and added: "Now, actual force is not required. However, there must be a threat of force or implied threat of force which

compels a person to remain where he does not wish to remain or to go where he does not wish to go. If the person consents, that is, if the person goes voluntarily, then there can be no restraint of liberty."

We find the instructions of the trial court to be substantially in accord with the charge that was approved in *State v. Roberts*, 286 N.C. 265, 210 S.E. 2d 396 (1974).

Defendant's testimony tended to show that Bowers, Wilson and Cox voluntarily accompanied him, pretending that they were his hostages to aid him in his escape plan. The trial court applied the law to this evidence by instructing the jury in substance that if they voluntarily went with defendant, he would not be guilty of kidnapping. "Against the will of the victims" are not magic words which must be used to correctly define the crime of kidnapping, and in the failure of the court to use these words in this case we find

No error.

Judges BRITT and PARKER concur.